**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Jerrold G. Thomas,** | ) | CASE NO. 1:23 CV 1176 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | Memorandum of Opinion and Order |
| **Sainato's at Rivergate,** | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

*Pro se* Plaintiff Jerrold G. Thomas filed this action against the restaurant Sainato's at Rivergate ("Sainato's"). In the Complaint, he alleges he received poor service at the restaurant and the owner refunded only $ 18.00 of his $ 19.25 that he paid for his meal. He does not assert any legal claims in his Complaint. On his civil cover sheet, he lists 41 U.S.C. § 6503 breach of contract as his cause of action. He seeks damages in the amount of $40.00.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc No. 2). That Application is granted.

**BACKGROUND**

Plaintiff alleges he dined at Sainato's lunch buffet on May 31, 2023. He indicates he had dined there on previous occasions and consistently received poor treatment from the bartender manager. He claims she would ignore him after he was seated and refused to

1

acknowledge his requests for drink refills or silverware. On this date, the cashier told him to seat himself. Upon finding a table, he attempted to get the bartender manager's attention, but she refused to acknowledge him. He states he went to the buffet and started to get food. At that point, the bartender manager asked him what he wanted to drink, and he gave her his order. She returned with his drink and placed it on the table along with the bill, suggesting Plaintiff would not be ordering additional food or drinks. He alleges he asked her for another drink along with a glass of water and she refused, stating that he had already had seven drinks and she would not serve him. He claims he had only had three or four drinks at that point. He thought the bartender manager was trying to embarrass him in front of other customers. Plaintiff claims he left the restaurant and contacted the owner. He indicates that although she initially supported her staff, she agreed to refund him the cost of the buffet and to add a little extra compensation for his trouble. He claims when he went to pick up the refund, he discovered that she had only given him $ 18.00 when he had paid $19.25. There was no additional cash for his trouble as promised. He brings this action seeking to be awarded the $ 1.25 that he believes is still owed him and the extra amount he was promised for his trouble.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in

law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

Federal courts are courts of limited jurisdiction, and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id*. Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

Diversity of citizenship does not exist in this case. Plaintiff lists an Ohio address for himself and the Defendant. A Plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the Court's jurisdiction. Fed.R.Civ.P. 8. In a diversity action, the Plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.*, No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003). The Complaint, as written, suggests that the Plaintiff and Defendants are all citizens of Ohio. Federal subject matter jurisdiction cannot be based on diversity of citizenship.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only

to the "well-pleaded allegations of the Complaint and ignores potential defenses" Defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Here, Plaintiff is proceeding *pro se* and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Even with that liberal construction, however, Plaintiff failed to properly identify a federal question in this case. There is no legal cause of action listed in the Complaint. He indicates on his civil cover sheet filed with his Complaint that he is asserting a breach of contract claim under 41 U.S.C.A. § 6503. This statute applies to breaches of contracts made by an agency of the United States for the manufacture or furnishing of materials, supplies, articles, or equipment, in an amount exceeding $10,000. It is not relevant to the facts of this case. General breach of contract claims are matters of state law. This Court lacks federal subject matter jurisdiction over those types of breach of contract claims.

**CONCLUSION**

Accordingly, Plaintiff's Application to Proceed In Forma Pauperis (Doc No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e) for lack of subject matter jurisdiction. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

    s/*Pamela A. Barker*
PAMELA A. BARKER
Date: September 20, 2023    U. S. DISTRICT JUDGE